1    ANDREW K. JACOBSON (CSBN 148583)
     LAURA KOCH (CSBN 266072)
2    BAY OAK LAW
     180 Grand Ave Ste 700
3    Oakland, California 94612
     Telephone: (510) 208-5500
4    Fax: (510) 208-5511
     andy@bayoaklaw.com
5    laura@bayoaklaw.com

6    CAROLINE N. VALENTINO (CSBN 118438)
     HAIMS VALENTINO LLP
7    180 Grand Ave Ste 700
     Oakland, California 94612
8    Telephone: (510) 835-0500
     Fax: (510) 835-2833
9    cvalentino@hjmmlaw.com

10   Counsel for Plaintiffs

11

12                      UNITED STATES DISTRICT COURT

13                      NORTHERN DISTRICT OF CALIFORNIA

14                           OAKLAND DIVISION

15
     Robert J. Lang, Noboru Miyajima,        Case No. C11-01366 EMC ADR
16   Manuel Sirgo Alvarez, Nicola
     Bandoni, Toshikazu Kawasaki, and
17   Jason Ku,                               COMPLAINT FOR DAMAGES FOR
                                             COPYRIGHT INFRINGEMENT
18       Plaintiffs,

19   v.                                      DEMAND FOR JURY TRIAL

20       S. Morris,

21   Defendant.

22

23   //

24   //

25   //

26

                                 -1-
                              COMPLAINT

**COMPLAINT**

Robert Lang, Noboru Miyajima, Manuel Sirgo Alvarez, Nicola Bandoni, Toshikazu Kawasaki, and Jason Ku ("Plaintiffs") allege the following.

## I. NATURE OF THE ACTION

1. This is an action by eight artists to recover damages and enjoin infringement of their copyrighted artworks.

## II. PARTIES

2. Plaintiff Robert J. Lang ("Lang") is, and has been at all times relevant to this lawsuit, an individual residing in the Northern District of California.

3. Plaintiff Noboru Miyajima ("Miyajima") is an individual residing in Japan.

4. Plaintiff Manuel Sirgo Alvarez ("Alvarez") is an individual residing in Spain.

5. Plaintiff Nicola Bandoni ("Bandoni") is an individual residing in Italy.

6. Plaintiff Toshikazu Kawasaki ("Kawasaki") is an individual residing in Japan.

7. Plaintiff Jason Ku ("Ku") is an individual residing in Massachusetts.

8. Defendant S. Morris ("Defendant") is an individual residing in New York.

## III. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this case arises under the Copyright Laws of the United States, 17 U.S.C. § 101 et seq. ("Copyright Act").

10. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because this is a judicial district in which a substantial part of the events giving rise to the claims occurred, and/or this is a judicial district in which Defendant may be found. Defendant may be found in this district in that this Court has personal

1   jurisdiction over her. *See Brackett v. Hilton Hotels Corp.*, 619 F.Supp. 2d 810, 816

2   (N.D. Cal. 2008) (interpreting Section 1400(a) to mean that venue "is proper in any

3   judicial district in which the defendant would be amenable to personal jurisdiction if

4   the district were a separate state").

5       11.    This Court has supplemental jurisdiction over the claims by Miyajima,

6   Alvarez, Bandoni, Kawasaki, and Ku because these claims are so related to Lang's

7   claims that they form part of the same case or controversy.

8                   **IV.   INTRADISTRICT ASSIGNMENT**

9       12.    Pursuant to Civil L.R. 3-2(c) and 3-2(d), Oakland is an appropriate

10  division for this action because a substantial part of the events or omissions which give

11  rise to the claims of Robert Lang occurred in Contra Costa County. Lang lives and

12  works in the city of Alamo, which lies in Contra Costa County.

13              **V.   PLAINTIFFS' RIGHT TO COPYRIGHT PROTECTION**

14      13.    On date of first publication of works relevant hereto, each Plaintiff was a

15  national or domiciliary of the United States or a country with which the United States

16  has a copyright treaty.

17      14.    Each of Plaintiffs' works relevant hereto was first published in the United

18  States or in a country that is party to the Universal Copyright Convention.

19                      **FIRST CLAIM FOR RELIEF**

20          **(BY ROBERT J. LANG FOR COPYRIGHT INFRINGEMENT)**

21      15.    Lang re-alleges and incorporates by reference paragraphs 1 through 16 as

22  though fully set forth herein.

23      16.    At all times relevant hereto, Lang has held exclusive rights under the

24  Copyright Act to reproduce, distribute, display, or produce derivative works of his

25  artwork "Pegasus."

26      17.    One of Defendant's works is substantially similar to Lang's artwork

-3-

**COMPLAINT**

1 | Pegasus."

2 |      18.   Lang is entitled to damages because of the infringement, subject to proof
3 | at trial.

4 | **SECOND CLAIM FOR RELIEF**

5 | **(BY NOBURU MIYAJIMA FOR COPYRIGHT INFRINGEMENT)**

6 |      19.    Miyajima re-alleges and incorporates by reference paragraphs 1 through
7 | 14 as though fully set forth herein.

8 |      20.   At all times relevant hereto, Miyajima has held exclusive rights under the
9 | Copyright Act to reproduce, distribute, display, or produce derivative works of his
10 | artwork "Bat."

11 |      21.   One of Defendant's works is substantially similar to Miyajima's artwork
12 | "Bat."

13 |      22.   Miyajima is entitled to damages because of the infringement, subject to
14 | proof at trial.

15 | **THIRD CLAIM FOR RELIEF**

16 | **(BY MANUEL SIRGO ALVAREZ FOR COPYRIGHT INFRINGEMENT)**

17 |      23.   Alvarez re-alleges and incorporates by reference paragraphs 1 through 14
18 | as though fully set forth herein.

19 |      24.   At all times relevant hereto, Alvarez has held exclusive rights under the
20 | Copyright Act to reproduce, distribute, display, or produce derivative works of his
21 | artwork "Macaw."

22 |      25.   One of Defendant's works is substantially similar to Alvarez's artwork
23 | "Macaw."

24 |      26.   Alvarez is entitled to damages because of the infringement, subject to
25 | proof at trial.

26 | //

-4-

**COMPLAINT**

**FOURTH CLAIM FOR RELIEF**

**(BY NICOLA BANDONI FOR COPYRIGHT INFRINGEMENT)**

27.   Bandoni re-alleges and incorporates by reference paragraphs 1 through 14 as though fully set forth herein.

28.   At all times relevant hereto, Bandoni has held exclusive rights under the Copyright Act to reproduce, distribute, display, or produce derivative works of his artwork "Cyclommatus Metallifer."

29.   One of Defendant's works is substantially similar to Bandoni's artwork "Cyclommatus Metallifer."

30.   Bandoni is entitled to damages because of the infringement, subject to proof at trial.

**FIFTH CLAIM FOR RELIEF**

**(BY TOSHIKAZU KAWASAKI FOR COPYRIGHT INFRINGEMENT)**

31.   Kawasaki re-alleges and incorporates by reference paragraphs 1 through 14 as though fully set forth herein.

32.   At all times relevant hereto, Kawasaki has held exclusive rights under the Copyright Act to reproduce, distribute, display, or produce derivative works of his artwork "Kawasaki Cube #1."

33.   One of Defendant's works is substantially similar to Kawasaki's artwork "Kawasaki Cube #1."

34.   Kawasaki is entitled to damages because of the infringement, subject to proof at trial.

**SIXTH CLAIM FOR RELIEF**

**(BY JASON KU FOR COPYRIGHT INFRINGEMENT)**

35.   Ku re-alleges and incorporates by reference paragraphs 1 through 14 as though fully set forth herein.

-5-

**COMPLAINT**

1    36.    At all times relevant hereto, Ku has held exclusive rights under the

2  Copyright Act to reproduce, distribute, display, or produce derivative works of his

3  artwork "Harpy."

4    37.    One of Defendant's works is substantially similar to Ku's artwork

5  "Harpy."

6    38.    Ku is entitled to damages because of the infringement, subject to proof at

7  trial.

8                    **VI.    PRAYER FOR RELIEF**

9            WHEREFORE, Plaintiffs pray for judgment against Defendant and for the

10  following relief:

11    1.    Damages in an amount according to proof including statutory or actual

12          damages;

13    2.    Costs of suit, including attorney's fees, to the extent allowed by law;

14    3.    Such other relief as this Court deems proper.

15  Dated: March 22, 2011            **BAY OAK LAW**

16

17

18  By: _____

19     ANDREW K. JACOBSON
       Counsel for Plaintiffs

20

21                      **HAIMS VALENTINO LLP**

22

23

24  By: _____

25     CAROLINE N. VALENTINO
       Counsel for Plaintiffs

26

                          -6-

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a trial by jury.

Dated: March 22, 2011                         **BAY OAK LAW**

By: _____
**ANDREW K. JACOBSON**
Counsel for Plaintiffs


**HAIMS VALENTINO LLP**


By: _____
**CAROLINE N. VALENTINO**
Counsel for Plaintiffs

-7-

**COMPLAINT**