UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT J. LANG, *et al.*,

    Plaintiffs,

v.

S. MORRIS,

    Defendant.
_____/

No. C-11-1366 EMC

**ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES**

**(Docket No. 38)**

    Plaintiffs Robert Lang, Noburu Miyajima, Manuel Sirgo, Nicola Bandoni, Toshikazu Kawasaki, and Jason Ku filed suit against painter and film maker Sarah Morris, alleging that 24 works in her Origami Series of paintings infringe Plaintiffs' origami design copyrights. Docket No. 1. On October 12, 2011, this Court granted Defendant's motion to dismiss for lack of personal jurisdiction. Docket No. 37. Pending before the Court is Defendant Morris's motion for attorney's fees in the amount of $59,189.50, pursuant to 17 U.S.C. § 505. Docket No. 38. For the reasons set forth below, the Court **DENIES** the motion.

## I. DISCUSSION

    Section 505 provides that "[i]n any civil action under [the Copyright Act], the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." Defendant contends that fees are warranted after this Court's order dismissing the complaint for lack of personal jurisdiction.

A. <u>Prevailing Party Status</u>

The primary, and, the Court concludes, dispositive, dispute between the parties concerns whether Defendant Morris is a prevailing party. "[A] 'prevailing party' is one who has been awarded some relief by the court." *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 603 (2001). More specifically, it is one who obtains some form of relief that creates a "material alteration of the legal relationship of the parties." *Id*. at 604 (citations omitted). In *Buckhannon*, the Supreme Court indicated that such relief could take the form of a judgment on the merits or court-ordered consent decree. *Id*. at 600. While Buckhannon did not apply the Copyright Act, the Ninth Circuit has held that its test applies to attorney's fees under § 505. *See Cadkin v. Loose*, 569 F.3d 1142, 1149 (9th Cir. 2009) ("[T]he material alteration test the Supreme Court articulated in *Buckhannon* governs the prevailing party inquiry under § 505 of the Copyright Act.").

Plaintiffs argue that Defendant is not a prevailing party because she has not secured any relief on the merits; rather, their complaint has merely been dismissed for lack of personal jurisdiction and remains subject to re-filing in New York, where Plaintiffs may still prevail on the merits. In contrast, Defendant contends that the Court's order materially altered the legal relationship of the parties because it bars Plaintiffs from bringing any of their claims against Defendant in this forum.

Plaintiffs have the better argument. While the Ninth Circuit does not appear to have passed on the specific question of whether a dismissal for lack of personal jurisdiction creates a prevailing party, existing jurisprudence both in and out of circuit strongly indicates that it does not for four reasons.

First, in the Ninth Circuit, dismissals for lack of subject matter jurisdiction do not create prevailing parties. *Elwood v. Drescher*, 456 F.3d 943, 948 (9th Cir. 2006) ("Where a claim is dismissed for lack of subject matter jurisdiction, the defendant is not a prevailing party."). *Elwood* concluded that claims dismissed based on *Younger* abstention and the *Rooker-Feldman* doctrine precluded a fee award, because the court had declined to exercise jurisdiction and thus lacked authority to award attorney's fees. *Id*.; *see also Branson v. Nott*, 62 F.3d 287, 293 & n. 9 (9th Cir.

2

1995) (dismissal under *Rooker-Feldman* doctrine is jurisdictional and precludes fee award).[1] While Defendant attempts to distinguish these cases on this basis, it is unclear why a dismissal for lack of personal jurisdiction would be any different, as here the Court also determined that it could not exercise jurisdiction over Defendant. *See Dahn World Co. Ltd. v. Chung*, No. CV 05-3477-PCT-JAT, 2006 WL 3313951, at *2-3 (D. Ariz. Nov. 13, 2006) (applying subject matter jurisdiction cases to personal jurisdiction and finding defendant was not a prevailing party); *ITI Holdings, Inc. v. Professional Scuba Ass'n, Inc.*, No. 05-184-P-S, 2007 WL 1002245, at *2 (D. Me. Mar. 3, 2007) (noting reasoning that "a court which lacks personal jurisdiction over a defendant lacks the power to decide any issue in favor of that defendant or to act in any way that benefits that defendant and that the defendant accordingly cannot be a prevailing party with respect to that litigation").

Indeed, the Ninth Circuit has sometimes used the broader phrase "lack of jurisdiction," rather than the more specific subject matter jurisdiction. *See, e.g., Branson*, 62 F.3d at 293 (citing with approval cases that merely stated attorney's fees were unavailable where dismissal was for "lack of jurisdiction"); *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 837 (9th Cir. 2007) ("A court that lacks jurisdiction at the outset of a case lacks the authority to award attorneys' fees."). *Branson* explicitly held that, "even if the district court had the jurisdiction to impose [] attorney's fees," they would not be appropriate in the case of a dismissal for lack of jurisdiction because the defendant is not a prevailing party. *Id.* at 293 ("Where a complaint has been dismissed for lack of subject matter jurisdiction, the defendant has not 'prevailed' over the plaintiff on any issue central to the merits of the litigation.") (internal citations and quotation marks omitted); *see also True Center Gate Leasing, Inc. v. Sonoran Gate, L.L.C.*, 427 F. Supp. 2d 946, 950 (D. Ariz. 2006) (finding no prevailing party where "[t]he Court never reached the merits of the patent claim. Rather, the Court dismissed this action for lack of jurisdiction when K-Zell, at the beginning of trial, provided an unconditional covenant not to sue to True Center."). Accordingly, these cases indicate that any dismissal for lack of jurisdiction does not confer prevailing party status.

Second, the Ninth Circuit has held that dismissals without prejudice, whether voluntary or

---

[1] By contrast, a dismissal for Eleventh Amendment immunity created a prevailing party because immunity is an affirmative defense. *Elwood*, 456 F.3d at 948.

involuntary, do not create prevailing parties. *Oscar v. Alaska Dept. of Educ. and Early Development*, 541 F.3d 978, 981 (9th Cir. 2008). Importantly, the rationale behind such a rule was that the defendant remained subject to re-filing. *Id*. ("[W]e are persuaded that dismissal without prejudice does not alter the legal relationship of the parties because the defendant remains subject to the risk of re-filing."); *see also Cadkin*, 569 F.3d at 1149 (finding no prevailing party status where "the Trust and May-Loo remain subject to the risk that the Cadkins will refile their copyright claims, despite the district court's orders dismissing without prejudice the original complaint and first amended complaint and the voluntary dismissal without prejudice of the second amended complaint"). In *Oscar*, the Ninth Circuit distinguished such a circumstance from that in *Miles v. California*, 320 F.3d 986, 989 (9th Cir. 2003), wherein the court had found that a dismissal without prejudice to further litigation in state court nonetheless conferred prevailing party status where the plaintiff was barred from proceeding in any federal court. The *Oscar* court reasoned that "[t]his bar against further proceedings in federal court clearly distinguishes *Miles* from our present case" because "DEED remains at risk that Oscar will re-file his IDEA claim in federal court." *Oscar*, 541 F.3d at 982. The risk of re-filing in federal court meant that the dismissal "did not alter the legal relationship of the parties." *Id*.

Defendant's argument that she is a prevailing party because she is not subject to re-filing in this forum is thus unavailing. The fact remains that she is subject to re-filing in another federal court, where the same claims may be adjudicated based on the same underlying legal authority. This renders her situation more akin to *Oscar* than *Miles*. *See Cadkin*, 569 F.3d at 1149 ("*Miles* and *Oscar*, taken together, compel the conclusion that a defendant is a prevailing party following dismissal of a claim if the plaintiff is judicially precluded from refiling the claim against the defendant in federal court.").

Third, the Supreme Court has defined the "material alteration" test to mean that a party must obtain some kind of benefit, even if partial, on the merits of their claims. Defendant's argument that a judgment on the merits or court-ordered consent decree are but two examples of the kind of result that creates a prevailing party – rather than an exhaustive list of what qualifies – does not mean that no merits-based outcome is required. While Defendant is correct that Ninth Circuit cases have

1  construed *Buckhannon* as offering only examples, rather than an exclusive list of qualifying
2  outcomes (*see Watson v. County of Riverside*, 300 F.3d 1092, 1096 (9th Cir. 2002); *Carbonell v.*
3  *INS*, 429 F.3d 894, 898-99 (9th Cir. 2005); *Atlantic Recording Corp. v. Anderson*, CV 05-933-AS,
4  2008 WL 185806 (D. Or. Jan. 16, 2008)[2]), in these cases some kind of substantive relief was
5  obtained. *See Watson*, 300 F.3d at 1096 (finding prevailing party where plaintiff won a preliminary
6  injunction because he "obtained significant, court-ordered relief that accomplished one of the main
7  purposes of his lawsuit" and rendered his claim for a permanent injunction moot); *Carbonell*, 429
8  F.3d at 899-900 (finding alien was a prevailing party where he had achieved a stipulation to a stay of
9  departure because "[u]nder the stipulation . . . , Carbonell received much of the relief he sought in
10 the district court and thus met the first requirement to be deemed a prevailing party"); *Atlantic*, 2008
11 WL 185806 at *2 (finding defendant was a prevailing party where claims were dismissed with
12 prejudice and "Andersen has received all of the relief available to a copyright defendant.").

13 The *Buckhannon* Court did note that certain interlocutory judgments could satisfy its
14 requirement, but this was only permissible where they achieved some sort of success on the merits.
15 *See Buckhannon*, 532 U.S. at 604 (citing precedent permitting "an interlocutory award only to a
16 party who has established his entitlement to some relief on the merits of his claims"). Thus, the
17 gravamen of *Buckhannon* is that a party must obtain some form of relief on the merits, however
18 minimal and whether through judgment or other avenues, in order to be a prevailing party. *See* 532
19 U.S. at 606 (upholding "the 'merit' requirement of our prior cases"); *id*. at 604 ("[E]nforceable
20 judgments on the merits and court-ordered consent decrees create the material alteration of the legal
21 relationship of the parties necessary to permit an award of attorney's fees.") (citations and quotation
22 marks omitted); *see also Farrar v. Hobby*, 506 U.S. 103, 111 (1992) (explaining the altered-legal-
23 status test as requiring a party to "obtain at least some relief on the merits of his claim").

24 Finally, while the Ninth Circuit does not appear to have addressed personal jurisdiction
25 specifically, other cases have. *See Dahn World Co. Ltd. v. Chung*, No. CV 05-3477-PCT-JAT, 2006

---

[2] In contrast, *Oscar*, a 2008 case, construes *Buckhannon* as requiring these results. *See Oscar*, 541 F.3d at 981 ("In *Buckhannon*, the Supreme Court noted that prevailing party status *requires* that a party 'received a judgment on the merits, or obtained a court-ordered consent decree.'") (emphasis added).

WL 3313951, at *2-3 (D. Ariz. Nov. 13, 2006) (finding a defendant under the Digital Millenium Copyright Act was not a prevailing party where suit was dismissed for lack of personal jurisdiction); *Gossett v. Porsche Cars North America, Inc.*, No. Civ.A. 2:06-123-CWH, 2006 WL 3007384, at *2 (D.S.C. Oct. 20, 2006) (finding dismissal for lack of personal jurisdiction did not confer prevailing party status "[b]ecause this Court did not reach a determination on the merits of the plaintiff's claims against these parties and did not render a decision on those claims," and because "the plaintiff remains free to file his claims in Virginia and may or may not prevail on those claims in that forum"); *Catalina Marketing Int'l, Inc. v. Coolsavings.com, Inc.,* No. 00 C 2447, 2004 WL 421739, at *2 (N.D. Ill. Feb. 5, 2004) (holding defendant dismissed for lack of personal jurisdiction was not a prevailing party because "[n]o decision of the merits of the case was determined by this Court;" accordingly, the legal relationship between the parties was not altered because "Catalina is free to file suit, making identical allegations, in another court") (citations omitted); *see also Caraustar Custom Packaging Group (Maryland), Inc. v. Stockart.com, LLC*, No. 3:05CV377-MU, 2006 WL 3371679, at *1 (W.D.N.C. Nov. 20, 2006) ("In its Order dismissing this case for lack of personal jurisdiction, this court did not rule on any issue central to the merits of the dispute between Stockart and Caraustar. The court merely ruled that the dispute would have to be resolved elsewhere. The Plaintiff is still free to pursue its claims against Stockart, but not in this forum. Thus, Stockart is not a 'prevailing party' under § 505, and is thus ineligible for an award of attorneys fees and costs."). Other cases similarly indicate that a mere procedural victory does not confer prevailing party status. *See, e.g.*, *Foot Solutions, Inc. v. Washio*, No. 1:09-cv-01207-JOF, 2009 WL 4261213, at *2 (N.D. Ga. Nov. 24, 2009) (finding no prevailing party because, "[w]hile Defendants here have succeeded in having Plaintiff's claims turned to arbitration, there is no information yet on whether Defendants have achieved more than this procedural victory"); *Pitchford v. Oakwood Mobile Homes, Inc.*, 212 F. Supp. 2d 613, 618 (W.D. Va. 2002) ("Prevailing on preliminary procedural matters, however, does not establish a litigant as a prevailing party so as to take advantage of statutory fee shifting provisions."). Defendant cites no case holding that a dismissal for lack of personal jurisdiction confers prevailing party status for purposes of attorney fee shifting under § 505.

## II. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's motion for attorney's fees. The Clerk is instructed to close the file in this case.

This order disposes of Docket No. 38.

IT IS SO ORDERED.

Dated: December 6, 2011

_____
EDWARD M. CHEN
United States District Judge